UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

|  |  |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MICHON MILLS, ) <br> ) <br> Defendant. ) <br> ) | 3:09-CR-0067-LRH-VPC <br><br> ORDER |

Before the court is defendant Michon Mills ("Mills") motion in limine filed on January 18, 2009. Doc. #22[1]. Mills moves to exclude testimony that she sounded intoxicated when she made a phone call to the Washoe County Detention Center ("Center") on August 31, 2007, pursuant to Federal Rule of Evidence 401 and 403. Mills also requests authorization from the court to use leading questions during direct examination of current employees of the Center pursuant to Federal Rule of Evidence 611(c).

**Intoxication Evidence**

Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." FED. R. EVID. 401. Generally, all relevant evidence is admissible. FED. R. EVID. 402. However, the court may exclude otherwise relevant evidence "if its probative value is

---

[1] Refers to the court's docket entry number.

1  substantially outweighed by the danger of unfair prejudice." FED. R. EVID. 403. Evidence may be
2  excluded when there is a significant danger that the jury might base its decision on emotion or
3  when non-party events would distract reasonable jurors from the real issues in a case. *See Tennison*
4  *v. Circus Circus Enterprises, Inc.*, 244 F.3d 684, 690 (9th Cir. 2001); *U.S. v. Layton*, 767 F.2d 549,
5  556 (9th Cir. 1985).
6        Here, Mills is charged with receiving a gift while being a public official and carrying out a
7  public act in violation of 18 U.S.C. 201(c)(1)(B). The government contends that when Mills called
8  the Center, the fact that she sounded intoxicated is relevant as circumstantial evidence to show she
9  was uncharacteristically concerned for a particular inmate. In contrast, Mills argues her alleged
10  intoxication has no relevance to the elements of the crime charged and, further, that the evidence is
11  sensational in nature which will highly prejudice Mills in the eyes of the jury.
12        The court cannot, at this time, determine the relevancy or prejudice of this evidence based
13  solely on the limited record provided in the motion in limine. Rather, the court will order that
14  before the government asks any question relating to the witness's impression concerning Mills'
15  intoxication during the phone call the parties resubmit the motion so that the court has the
16  opportunity to familiarize itself with the facts and circumstances of the case. The court will then
17  address this issue in a sidebar or other conference outside the presence of the jury. Further, the
18  witness shall be instructed not to volunteer his impression concerning Mill's intoxication and to
19  await direct questioning following the court's in-trial ruling.
20        **Leading Questions**
21        Mills also requests authorization to use leading questions during her case in chief. Pursuant
22  to Fed. R. Evid. 661(c), leading questions should not be used during the direct examination of a
23  witness unless the witness is (1) a hostile witness, (2) an adverse party, or (3) a witness identified
24  with an adverse party. Here, Mills seeks to call current employees of the Washoe County Detention
25  Center which she claims, are affiliated with the agency behind her prosecution.
26

The court has broad discretion in determining whether to allow leading questions under Rule 611(c). *Miller v. Fairchild Indus., Inc.*, 885 F.2d 498, 514 (9th Cir. 1989). As such, the court declines to make a blanket order that leading questions may be used on all Mills' proposed witnesses who are employees of the Center. Mills has not made any showing that her proposed witnesses are hostile. Further, the Center is not prosecuting Mills, the United States Attorney's Office is prosecuting the case on behalf of the United States government. Therefore, Mills' proposed witnesses are not so adverse as to warrant a blanket rule for leading questions.

However, the court will entertain each witness as they are presented and will reconsider its order within the purview of Rule 611(c) on a witness by witness basis if the proposed witnesses appear hostile or adverse.

IT IS THEREFORE ORDERED that defendant's motion in limine (Doc. #22) is DENIED.

IT IS SO ORDERED.

DATED this 22nd day of January, 2010.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

3